UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23178-CIV-LENARD/O'SULLIVAN

ANDRE LAVON GRANT,
    Plaintiff,

vs.

SCHOOL BOARD OF
MIAMI-DADE COUNTY
d/b/a MIAMI-DADE COUNTY
PUBLIC SCHOOLS,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion to Dismiss Complaint with Prejudice (DE # 8, 10/15/12), the Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File an Amended Complaint (DE# 10, 10/24/12)[1] and the Plaintiff's Motion to Transfer (DE# 11, 10/24/12). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss Complaint with Prejudice (DE # 8, 10/15/12) is **DENIED as moot**. The plaintiff has filed a motion for leave to amend his complaint which the Court will grant in this Order. See Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File an Amended Complaint (DE# 10, 10/24/12). It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File an Amended Complaint (DE# 10, 10/24/12) is **GRANTED**. Unless a motion to amend a pleading is made in bad faith or for undue delay, constitutes dilatory conduct, or will prejudice a non-movant, leave to amend should be given freely. See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761 (11th Cir. 1995). The undersigned finds that the defendant will not be prejudiced by permitting the plaintiff to amend

---

[1] The image for docket entry 10 may be found at docket entry 9.

his complaint as requested. The undersigned further finds that there is no bad faith, dilatory conduct or undue delay on the part of the plaintiff in making this motion. The Court accepts the Amended Complaint and Jury Demand (DE# 12, 10/24/12) filed on October 24, 2012. The defendant shall respond to the amended complaint in accordance with the applicable rules. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion to Transfer (DE# 11, 10/24/12) is **DENIED without prejudice** for failure to confer with opposing counsel. Local Rule 7.1(a)(3) provides, in part, that:

> Prior to filing any motion in a civil case, [with certain limited exceptions], counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . . At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so. . . . **Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion** . . . .

S.D. Fla. L.R. 7.1(a)(3) (2010) (emphasis added). The instant motion fails to comply with this rule. In the future, the parties shall confer with the opposing side prior to filing any motions.

**DONE AND ORDERED** in Chambers at Miami, Florida this **26th** day of October, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Lenard
All Counsel of Record

Copies mailed by Chambers to:
Andre Lavon Grant
P.O. Box 565
Trilby, FL 33593-0565